UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| CHARLES E. CLEMENT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIKE JOHANNS, as Secretary of the )<br>United States Department of Agriculture )<br>)<br>Defendant. )<br>_____ ) | Case No. 5:06-cv-159<br><br>Honorable Joseph G. Scoville<br><br><br>**MEMORANDUM OPINION** |

This is an employment discrimination action brought *pro se* by plaintiff against his employer, the United States Department of Agriculture. Plaintiff is an animal caretaker. Plaintiff is and has been paid at wage grade 5, the highest wage grade applicable to his animal caretaker position. Plaintiff alleges unlawful discrimination on the basis of race because defendant has paid two white maintenance workers at its East Lansing facility above wage grade 5.

On August 23, 2007, defendant filed a motion for summary judgment (docket # 29). Defendant's motion is supported by a brief and extensive exhibits. In response, plaintiff filed three pages of quotations from the Bible, which, although illuminating in general, do not provide a clear rule of decision for this employment case. (docket # 35). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States Magistrate Judge conduct all further proceedings in this case, including entry of final judgment. (*See* Consent and Order of Reference, docket # 21). Upon review, defendant's motion for summary judgment will be granted, and judgment will be entered in defendant's favor.

**Facts**

Plaintiff is and has been employed as an animal caretaker at the United States Department of Agriculture's Agricultural Research Service's (ARS's) Avian Disease and Oncology Laboratory ("facility") located in East Lansing Michigan. The role of the animal caretaker position is to perform the necessary husbandry practices required to successfully rear breeding and/or experimental poultry. The duties attendant to this position center around the care of poultry and are defined by ARS. (Ex. 1-D).[1] The skills required of an animal caretaker include the ability to manage chickens and the ability to perform manual labor around poultry. (*Id.*).

Plaintiff has been paid at wage grade 5 since May of 1998. The Notification of Personnel Action that accompanied that promotion explained that the "position is at Full Performance Level," meaning that plaintiff had achieved the maximum wage grade level for the animal caretaker position. (Ex. 1-D; *see* Ex. 2, Declaration of Gururaj Kulkarni ¶ 4). There is no animal caretaker position at the facility with a full performance level (FPL) above wage grade 5. (Kulkarni Decl. ¶ 4; Ex. 3, Declaration of Roric Wells ¶ 8). Defendant employs four animal caretakers at the facility. Three animal caretakers, including plaintiff, are paid at wage grade 5. The only animal caretaker paid at wage grade 4 is white. (Wells Decl. ¶ 6).

Defendant employs maintenance workers at the East Lansing facility. ARS defines the maintenance worker position as requiring the performance of "a variety of duties involved in the upkeep of buildings, grounds, related structures, fixtures, utilities and vehicles." The position requires "skill and knowledge in the following trades: electrical, plumbing, heating, carpentry,

---

[1]The exhibit references herein are to the exhibits attached to defendant's brief (docket # 30), unless otherwise specified.

welding, painting, electronic systems and equipment, tractor and forklift operation, and automotive mechanics." (Ex. 1-L). The FPL for maintenance workers is wage grade 9. Plaintiff has never applied for the maintenance worker position, nor have any maintenance worker positions become open at the facility in the last eight years. (Kulkarni Decl. ¶¶ 12-14).

In January of 2005, two white maintenance workers, Leonard Provencher and David Depond, received career ladder promotions within their maintenance worker positions. Both men are currently classified at wage grade 7. (Declaration of Lynn M. Parks, ¶¶ 7-10). In September or October of 2005, plaintiff contacted his supervisor's office by telephone and requested a meeting. Plaintiff's supervisor, Mr. Kulkarni, met with plaintiff later that day. Plaintiff indicated that he was aware that maintenance workers Provencher and Depond had been promoted above wage grade 5, and asked why his wage grade had not been increased above wage grade 5. Mr. Kulkarni informed plaintiff that the FPL for his animal caretaker position was wage grade 5, and because plaintiff had already reached wage grade 5, he was not eligible for further promotion to a higher wage level in the animal caretaker position. (Kulkarni Decl. ¶¶ 8-10).

Thereafter, plaintiff sought EEO counseling as required, and on November 16, 2005, filed a charge of discrimination, claiming that he had been denied a promotion above wage grade 5 on the basis of his race. On October 2, 2006, the USDA issued a right-to-sue letter. (docket # 1, Ex. 1). Plaintiff filed his *pro se* complaint on October 16, 2006. The complaint's prayer for relief requests that plaintiff's wage grade be increased to that of his supervisor, and that plaintiff be provided with a "$10 million dollar settlement."

**Discussion**

Title VII of the Civil Rights Act of 1964 prohibits discrimination in federal employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). Claims of intentional discrimination may be established either by proffering direct evidence of discrimination, or relying on circumstantial evidence to create an inference of discrimination. *See Abdulnour v. Campbell Soup Supply Co., LLC*, 502 F.3d 496, 501 (6th Cir. 2007). Plaintiff has proffered no direct evidence of discrimination. Thus, plaintiff is required to establish a *prima facie* case of discrimination under the framework established and refined in a trilogy of Supreme Court cases: *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981), and *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). "Under these cases Title VII cases require three stages of proof. First, the plaintiff must prove a *prima facie* case of discrimination. If the plaintiff establishes [his] *prima facie* case, the burden then shifts to the defendant to articulate some legitimate nondiscriminatory reason for the employer's action. If the defendant carries this burden, the plaintiff must prove that the proffered reasons were pretextual." *Kline v. Tennessee Valley Auth.*, 128 F.3d 337, 342 (6th Cir. 1997) (citations omitted); *see Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 719-20 (6th Cir. 2006). "The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 721 (6th Cir. 2004). The ultimate burden of persuading the trier of fact that defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. *See Hicks*, 509 U.S. at 507, 508, 511; *accord Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000); *Anthony v. BTR Auto Sealing Sys.*, 339 F.3d 506, 515 (6th Cir. 2003).

In order to establish a *prima facie* case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and denied a promotion; and (4) another employee of similar qualifications who was not a member of the protected class received the promotion. *See Grizzell*, 461 F.3d at 719; *Nguyn v. City of Cleveland*, 229 F.3d 559, 562-63 (6th Cir. 2000); *see also Brewer v. Cedar Lake Lodge, Inc.*, No. 06-6327, 2007 WL 2196790, at * 6 (6th Cir. July 30, 2007); *Bush v. Gambro Healthcare, Inc.*, 227 F. App'x 483, 484 (6th Cir. 2007). It is undisputed that plaintiff is a member of a protected class. Plaintiff did not present evidence sufficient to satisfy any other element of a *prima facie* case against defendant. Plaintiff never applied for a maintenance worker position. There is no evidence that plaintiff was qualified to become a maintenance worker. Plaintiff was paid at the highest wage grade applicable to the animal caretaker position. The only animal caretaker paid at a lower wage grade was white. Plaintiff was never considered for or denied a promotion, nor has any open maintenance worker positions become available at this facility for eight years. Maintenance worker positions require skills beyond those necessary to perform animal caretaker work. Plaintiff did not present evidence that other employees of similar qualifications who were not members of the protected class received promotions at the time plaintiff's request for promotion was denied. Because plaintiff has not presented evidence sufficient to establish a *prima facie* case of unlawful race discrimination against defendant, defendant is entitled to judgment in its favor as a matter of law.

**Conclusion**

For the reasons set forth herein, defendant's motion for summary judgment will be granted and judgment entered in defendant's favor.

Dated:  December 4, 2007          /s/  Joseph G. Scoville
                                  United States Magistrate Judge